IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-11-265-D |
| | ) |
| RAFAEL MORAN-CARDENAS, | ) |
| LUIS GONZALEZ, | ) |
| JORGE MARRUFO-PERALTA, | ) |
| ROSALIO BARRAZA-PENA, | ) |
| OSCAR H. MUNGARRO-CORONADO, | ) |
| TERRY LEE DOTSON, | ) |
| VANIA LIZBETH LOYA, | ) |
| | ) |
| Defendants | ) |

## ORDER REGARDING MOTIONS FOR *JAMES* HEARING

Before the Court are the Motions for *James*[1] Hearing or Hearing to Determine Admissibility of Alleged Co-Conspirator's Statements, filed by Defendants Jorge Marrufo-Peralta [Doc. No. 112], Oscar H. Mungarro-Coronado [Doc. No. 166], Rafael Moran-Cardenas [Doc. No. 168], Rosalio Barraza-Pena [Doc. No. 182], and Vania Lizbeth Loya [Doc. No. 195]; and adopted by Defendants Luis Gonzalez [Doc. No. 209] and Terry Lee Dotson [Doc. No. 222]. The government has filed a combined response to these motions, joining the request for a *James* hearing to permit a pretrial ruling on the admissibility of statements to be offered at trial pursuant to Fed. R. Evid. 801(d)(2)(E). The government also states its intention to call a summary witnesses to testify at the pretrial hearing. Mr. Gonzalez has filed a reply brief, opposing the government's proposal to use a summary witness but, alternatively, requesting that the Court direct the government to provide information before the

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979); *see United States v. Urena*, 27 F.3d 1487, (10th Cir. 1994) (a *James* hearing is "strongly preferred" procedure).

hearing regarding the statements to be offered for admission under Rule 801(d)(2)(E).  Thus, the only issues presented for decision in advance of a pretrial hearing are whether the government should be required to present its case in a particular manner at the hearing, and whether additional disclosures should be made.

To establish the admissibility of co-conspirator statements under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence that (1) " a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (internal quotation omitted).  Mr. Gonzalez provides no legal authority for his request to prohibit the government from presenting its case for admissibility of the proposed evidence by offering a summary witness for examination.  The cited cases do not stand for this proposition.  To the contrary, the court of appeals expressly held in *Owens* that a case agent's testimony summarizing statements made to him during the investigation were admissible for purposes of a *James* hearing.  *Owens*, 70 F.3d at 1124.  Further, the court stated as follows:

> [T]he Supreme Court made it abundantly clear that Fed. R. Evid. 104(a) governs the matter. . . . [I]n deciding whether the offering party has satisfied its burden at a *James* hearing, the district court has the discretion to consider any evidence not subject to a privilege, including both the coconspirator statements the government seeks to introduce at trial and any other hearsay evidence, whether or not that evidence would be admissible at trial.

*Id.*  Also, the court has reaffirmed the continuing validity of *Owens* in light of more recent Supreme Court decisions.  *See United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007).  Thus, the Court will not prohibit the government from utilizing a summary witness, if appropriate under the circumstances.  However, the Court agrees with Defendants that additional information will be

needed from the government in advance of a hearing to determine the admissibility of alleged co-conspirators' statements that it intends to offer at trial under Rule 801(d)(2)(E).

IT IS THEREFORE ORDERED that Defendants' motions for a *James* hearing to determine the admissibility of alleged co-conspirators' statements [Doc. Nos. 112, 166, 168, 182 & 195] are GRANTED. The parties will be notified separately of the date and time of the *James* hearing.

IT IS FURTHER ORDERED that the government shall file a notice or brief at least 3 days prior to the hearing, disclosing the alleged statements that are proposed for admission under Rule 801(d)(2)(E), and as to each such statement, identifying the alleged co-conspirator who made the statement, the person to whom it was made, when the statement was made, and a general summary of the content of the statement.

IT IS SO ORDERED this 27th day of January, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE